IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 13-cv-02569-CMA-CBS

DAVID PRICHARD
    Plaintiff,
v.

METROPOLITAN LIFE INSURANCE COMPANY,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendant's Motion to Dismiss. Pursuant to the Order Referring Case dated September 24, 2013 (Doc. # 6) and the memorandum dated September 30, 2013 (Doc. # 11), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Prichard's Response (filed on October 16, 2013 (Doc. # 14)), Defendant's Reply (filed on October 30, 2013 (Doc. # 18)), Mr. Prichard's Supplemental Response (filed on November 22, 2013 (Doc. # 20)), Defendant's Reply to Supplemental Response (filed on December 3, 2013 (Doc. # 21)), Plaintiff's Surreply (filed on December 13, 2013 (Doc. # 23)), Defendant's Response to Surreply (filed on December 23, 2013 (Doc. # 25)), the proceedings held on October 30, 2013, November 15, 2013, and December 6, 2013 (*see* Courtroom Minutes/Minute Orders (Docs. # 17, # 19, and # 22)), the Complaint (Doc. # 3), and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Prichard was employed as an independent contractor by AXA Equitable Life

Insurance Company. (*See* Doc. # 3 at ¶ 6). He claims that he became medically incapable of performing as a "Fourteenth Edition Sales Agent" due to a deteriorating medical condition of Chronic Daily Headache Syndrome. (*See id.*). On or about June 1, 2012, Mr. Prichard made a claim for long term disability benefits under AXA Equitable Life Insurance Company's group Long Term Disability Plan("Plan"), provided by Defendant Metropolitan Life Insurance Company ("MetLife"). (See Doc. # 3 at ¶ 7). He alleges that MetLife initially approved his claim for long term disability benefits but later reversed its original decision and denied his claim. (*See id.* at ¶¶ 10, 15, 16). Mr. Prichard filed this lawsuit in the District Court for Boulder County, Colorado and MetLife removed it to the federal court. (*See* Notice of Removal (Doc. # 1)). He alleges three claims for relief based upon the denial of his claim for long term disability benefits under the Plan: breach of contract and bad faith breach of insurance contract under Colorado common law, and violation of Colo. Rev. Stat. §§ 10-3-1115(1)(A) and 10-3-1116(1). (See Doc. # 3 at ¶¶ 25-28, 29-34, 35-39). He seeks benefits from November 21, 2012 to February 6, 2013, declaratory relief, compensatory damages, interest, two times the benefit amount in addition to all benefits payable, attorneys' fees, and costs, including expert witness fees. (*See id.* at ¶ 20, 6 of 58).

II.   Standard of Review

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim to which relief can be granted.

> The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim is to test the sufficiency of the allegations within the four corners of the complaint. A complaint will survive such a motion only if it contains enough facts to state a claim to relief that is plausible on its face. For a motion to dismiss, [t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

>possibility that a defendant has acted unlawfully.
>
>In reviewing a Rule 12(b)(6) motion, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  Nevertheless, a complaint does not suffice if it tenders naked assertion[s] devoid of further factual enhancement.  The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.

*FirsTier Bank, Kimball, Neb. v. F.D.I.C.*, 935 F. Supp. 2d 1109, 1115-16 (D. Colo. 2013) (internal quotation marks and citations omitted).

III.     Analysis

While the Complaint "raises only issues of state law, . . . a claim is based on federal law when a federal statute completely preempts the state law cause of action." *Flowers v. Life Insurance Company of North America*, 781 F. Supp. 2d 1127, 1130 (D. Colo. 2011) (citation omitted).  "ERISA is one of these statutes, *i.e.*, one that wholly displaces a state-law cause of action through complete preemption." *Id.* (internal quotation marks and citation omitted). ERISA governs all "employee benefit plans." 29 U.S.C. § 1003(a).  One form of employee benefit plan is an "employee welfare benefit plan." 29 U.S.C. § 1002(3).  ERISA's express preemption clause states that "[e]xcept as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a).  An "employee welfare benefit plan" is "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care benefits or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).  The

definition of an ERISA employee welfare benefit plan thus contain five elements: (1) a "plan, fund, or program"; (2) established or maintained; (3) by an employer; (4) for the purpose of providing medical, surgical, or hospital care benefits (or benefits in the event of disability); and (5) to participants or their beneficiaries.  *Peckham v. Gem State Mut.*, 964 F.2d 1043, 1047 (10th Cir. 1992) (citation omitted).

Mr. Prichard's claims are based upon MetLife's alleged wrongful failure to pay him long-term disability benefits under the Plan.  MetLife argues that Mr. Prichard's claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").  In response to the Motion to Dismiss, Mr. Prichard argues that ERISA does not apply to his claims because he is an "independent contractor."  (*See* Doc. # 14).  In its Reply, MetLife argues that even if he is an independent contractor, Mr. Prichard meets the definition of "beneficiary" under ERISA.  (*See* Doc. # 18).  Mr. Prichard further argues in his Supplemental Response that his claims are not preempted by ERISA because the Plan is not an "employee welfare benefits plan."  (*See* Doc. # 20).  He contends that because only independent contractors and no "employees" fall within its coverage, the Plan is not governed by ERISA.  (*See id.*;  Doc. # 23). MetLife responds that the Plan constitutes an "employee welfare benefit plan" that is governed by ERISA because it deems "full-time life insurance salesperson[s]" to be employees and expressly provides coverage to them.  (*See* Docs. # 21, # 25).  Mr. Prichard argues that based on the fifth element, the Plan is not an ERISA employee welfare benefit plan.

A.    "Employee" or "Beneficiary"

"The term 'participant' means any employee or former employee of an employer who may become eligible to receive a benefit of any type from an employee benefit plan which

covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).  Mr. Prichard "worked as a '14th Edition Sales Agent.'" (*See* Doc. # 3 at ¶ 6).  The Plan insured "Financial Professional[s]," who were defined as "any individual who has entered into a . . . 14th . . . Edition Contract, . . . classified as a full-time life insurance salesperson for purposes of the Federal Insurance Contributions Act" ("FICA").  (*See* Doc. # 3 at 34 of 58).  FICA defines a full-time life insurance salesman as an "employee."  *See* 26 U.S.C. § 3121(d)(3)(B) ("For purposes of this chapter, the term 'employee' means . . . any individual . . . who performs services for remuneration for any person . . . as a full-time life insurance salesman").  *See also* 26 C.F.R. § 31.3121(d)–1(d)(3)(ii) (Internal Revenue Service regulation defining "a full-time insurance salesman" as "[a]n individual whose entire or principal business activity is devoted to the solicitation of life insurance or annuity contracts, or both, primarily for one life insurance company");  26 U.S.C. § 7701(a)(20) (2010) (defining "employee" to include a full-time life insurance salesman who is considered an employee for the purpose of chapter 21 (FICA)).  By reference to FICA, the Plan defined Mr. Prichard as an employee.  *See Berger v. AXA Network LLC*, 459 F.3d 804, 806 (7th Cir. 2006) (recognizing full-time life insurance salesmen as statutory employees who were eligible to participate in the company's ERISA-qualified plans, based on the definition of an "employee" under FICA).  As the Plan provides benefits to at least one employee, it is an "employee welfare benefits plan."  *See Sipma v. Massachusetts Casualty Insurance Company*, 256 F.3d 1006, 1009 (10th Cir. 2001) (in "order to establish an ERISA employee welfare benefit plan, the plan must provide benefits to at least one employee . . . .") (quoting *Salman v. Paul Revere Life Ins. Co.*, 166 F.3d 1102, 1104 (11th Cir. 1999) and citing 29 C.F.R. § 2510.3–3(b) (excluding from the definition of "employee welfare benefit plan" any plan "under which no

employees are participants covered under the plan")); *Harman v. United Healthcare of Florida*, 207 F. Supp. 2d 1355, 1357 (M.D. Fla. 2002) ("an employee welfare benefit plan must provide benefits to at least one employee.") (internal quotation marks and citations omitted).

Mr. Prichard also falls into the category of a "beneficiary" of the Plan. "The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). ""[A]n ERISA 'beneficiary' may be a person designated to receive benefits under the terms of the plan itself. . . ." *Ruttenberg v. United States Life Insurance Company*, 413 F.3d 652, 662 (7th Cir. 2005). The Plan defines 'beneficiary" as "the person(s) to whom We will pay insurance as determined in accordance with the General Provisions section." (See Doc. # 3 at 29 of 58). In *Hollis v. Provident Life & Accident Ins. Co.*, the Fifth Circuit ruled that an independent contractor who became covered under the terms of an ERISA policy should be treated as a "beneficiary" under the policy such that his state law claims concerning the denial of benefits were preempted. 259 F.3d 410, 414 (5th Cir. 2001). "[A]n independent contractor can be a beneficiary so long as he is a person who is or may be entitled to a benefit under the plan." *Hollis*, 259 F.3d at 415. Mr. Prichard's "independent contractor status does not preclude him from being a beneficiary." *Id.* Like the plaintiff's in *Hollis*, Mr. Pritchard's allegations that he was entitled to receive benefits under the Plan defeat his argument that his status as an independent contractor makes ERISA inapplicable.

B.  Preemption

MetLife contends that ERISA preempts all of Mr. Prichard's claims. The court agrees. First, "[i]t is well settled that ERISA preempts common law contract claims." *Halprin v. Equitable*

6

*Life Assur. Soc. of U.S.*, 267 F. Supp. 2d 1030, 1039 (D. Colo. 2003) (citation omitted). Second, "[t]he plan language of ERISA and prevailing Supreme Court and Tenth Circuit authority lead . . . to the conclusion that Mr. [Prichard]'s Colorado state law bad faith claim is preempted by ERISA." *Kidneigh v. UNUM Life Ins. Co. of America*, 345 F.3d 1182, 1189 (10th Cir. 2003).

As to Mr. Prichard's Third Claim for Relief, Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 impose a penalty on an insurer that unreasonably denies or delays payment of a covered claim. Colo. Rev. Stat. § 10-3-1116(1) provides that a " first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Section 10-3-1115(1)(a) prescribes that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." "[S]ubsection 10–3–1116(1) . . . is completely preempted by ERISA." *Flowers*, 781 F. Supp. 2d at 1132. *See also Vetanze v. NFL Player Ins. Plan*, No. 11-cv-2734-RBJ-KLM, 2011 WL 6813182, at * 3 (Dec. 28, 2011) (same); *Timm v. Prudential Insurance Company of America*, 259 P.3d 521, 526 (Colo. App. 2011) ("Because section 10–3–1116(1) allows a double recovery of benefits, it supplements and conflicts with ERISA's remedies and is therefore preempted.") (citations omitted); *Bauer v. United Healthcare Insurance Company*, No. 10-cv-02057-REB-KLM, 2010 WL 4683901, at * 3 (D. Colo. Nov. 10, 2010) (plaintiff's claims were completely preempted by ERISA where he was seeking to recover benefits due under the terms of the plan and/or to enforce rights under the terms of the plan). Because all three claims asserted in the Complaint are preempted by ERISA, Mr. Prichard fails

to state a claim upon which relief can be granted.[1]

Accordingly, IT IS RECOMMENDED that:

1.  Defendant's Motion to Dismiss (filed on September 25, 2013) (Doc. # 8) be GRANTED and all of Mr. Prichard's claims be dismissed without prejudice for failure to state a claim to which relief can be granted, as preempted by ERISA.

2.  Mr. Prichard be permitted to amend his Complaint to plead his claims pursuant to ERISA.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and

---

[1]  As the court concludes that Mr. Prichard's claim brought under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 are preempted by ERISA, it does not at this time reach the parties'

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 14th day of February, 2014.

BY THE COURT:

　　　s/Craig B. Shaffer　　　
United States Magistrate Judge

---

arguments regarding whether §§ 10-3-1115 and 10-3-1116 apply retroactively to his claims.